## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

NATIVE AMERICAN ARTS, INC.,

        Plaintiff,

vs.

BL Gifts Wholesale, LLC,

        Defendant.

Case No.    08 C 583
Judge:  Blanche M. Manning

### DEFENDANT' BL GIFTS WHOLESALE, LLC'S ANSWER
### AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, BL Gifts Wholesale, LLC ("Defendant"), files this Answer and Affirmative

Defenses to Plaintiff's Complaint, and in support thereof states as follows:

### COUNT I

### (Indian Arts and Crafts Act)

1.     This is a suit brought under 25 U.S.C. §305, et seq., and §305e, The Indian Arts
and Crafts Act of 1990, and The Indian Arts and Craft Enforcement Act of 2000 (collectively -
the "IACA") and jurisdiction is based upon that Federal statute under 28 U.S.C. § 1331 and
pendent

**ANSWER:**    Defendant admits the allegations contained within paragraph 1 of Plaintiff's

Complaint.

2.     Venue lies in the Northern District of Illinois, where Defendant conducts business
and engages in advertising, marketing, promotion, display and sales of the products alleged
herein in the Northern District of Illinois, sold goods into and shipped goods into the Northern
District of Illinois, and where most of the events alleged occurred, including but not limited to
where the products were purchased from, where marketing and advertising materials were
viewed and where the injury occurred.

**ANSWER:**    Defendant admits that it accepted an order for goods that were shipped to the

Northern District of Illinois.    Defendant denies the remainder of paragraph 2 of Plaintiff's

Complaint.

       3.    Native American Arts, Inc. ("Native American Arts") is a wholly Indian owned
arts and crafts organization involved in the manufacture, distribution and sale of authentic Indian
arts and crafts with its headquarters in the Northern District of Illinois and is composed of
members of the Ho-Chunk. Nation, an Indian tribe recognized by the U.S. Government.  Native
American Arts meets the definition of an Indian arts and crafts organization as defined in Title
25 U.S.C. §305e: and §305 at seq. Native American Arts has standing to bring this action under
the Indian Arts and Crafts Enforcement Act of 2000.

**ANSWER:**    Defendant admits that the Ho-Chunk Nation is an Indian tribe recognized by the

U.S. Government. Defendant is without knowledge sufficient to form a belief as to the truth of

the remaining allegations contained within paragraph 3 of Plaintiff's Complaint, and therefore

denies same.

       4.    Defendant is a company principally located in Warriors Mark, Pennsylvania. BL
Gifts is a retailer, wholesaler and/or supplier engaged in offering, displaying for sale and selling
arts, crafts and artworks, including but not limited to products in a traditional Indian style, motif
and design, throughout the United States and in the Northern District of Illinois.

**ANSWER:**    Defendant admits that it is a company with its principal place of business located

in Warriors Mark, Pennsylvania. Defendant further admits that it is a wholesaler of gift items

that are ordered from its website. Defendant denies the remaining allegations contained within

paragraph 4 of Plaintiff's Complaint.

       5.    Title 25 U.S.C. §305 et, seq. prohibits a person from directly or indirectly offering
or displaying for sale or selling goods in a manner that falsely suggests it is Indian produced, an
Indian product, or the product of a particular Indian or Indian tribe or Indian arts and crafts
organization resident within the United States and provides for an action against such a person
by an Indian arts and crafts organization.

**ANSWER:**    Defendant makes no answer to the allegations contained within paragraph 5 of

Plaintiff's Complaint because they call for a legal conclusion.

6.      An Indian product for purposes of 25 U.S.C. §305e, at seq. is defined in regulations promulgated by the Secretary of the Interior as including artworks that are in a traditional Indian style or medium.

**ANSWER:**    Defendant makes no answer to the allegations contained within paragraph 6 of

Plaintiff's Complaint because they call for a legal conclusion.

7.      Defendant is not an Indian, member of an Indian tribe, recognized Indian artisan or Indian arts and crafts organizations as those terms are defined in 25 U.S.C. §305e and §305, et. seq.

**ANSWER:**    Defendant admits the allegations contained within paragraph 7 of Plaintiff's

Complaint.

8.      At all times relevant hereto, including the dates of purchases alleged herein and for a period of time prior thereto, and possibly since January 25, 2005, Defendant has directly or indirectly offered or displayed for sale or sold multiple quantities of various goods in a manner that falsely suggests they are Indian produced, an Indian product, or the product of a particular Indian or particular Indian tribe or Indian arts and crafts organization resident within the United States, including Indian products consisting of artworks, crafts, and jewelry in a traditional Indian style or medium, in violation of the IACA, Title 25 U.S.C. §305, at seq., §305e, and the regulations promulgated thereunder.

**ANSWER:**    Defendant denies each and every allegation contained within paragraph 8 of

Plaintiff's Complaint.

9.      For substantial periods of lime, and possibly since January 25, 2005, and continuously thereafter to the present date, Defendant advertised. marketed, offered and displayed for sale and sold goods on the Internet through its website, www.blgiftsonline.com, in a manner which falsely suggested they are Indian-made, an Indian product, a product of an Indian tribe or the product of an Indian arts and crafts organization resident within the United States, including products consisting of art, crafts, and artworks in a traditional Indian style or medium.

**ANSWER:**    Defendant denies each and every allegation contained within paragraph 9 of

Plaintiff's Complaint.

10.     On Match 24, 2007, and for substantial periods of lime, possibly since January 25, 2005 and thereafter until at least April 5, 2007 and possibly until the present data, Defendant

offered, advertised, marketed and displayed for sale and sold goods via its website in a manner that falsely suggested they are an Indian product, Indian produced, or the product of an Indian arts and crafts organization resident within the United States, including Indian products consisting of artworks, crafts and jewelry in a traditional Indian style, motif or medium, including:

(a)    Artwork, consisting of a Native American Doll in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials make reference to "Native American", label as 'Indian" and suggest the product is Native American or Indian made. A picture of said product is attached herein as Exhibit A, which product is now-in the possession of Native American Arts and will be produced for display upon request.

(b)    Artwork, consisting of a Native American Doll in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials make reference to "Native American", label as "Indian" and suggest the product is Native American or Indian made. A picture of said product is attached hereto as Exhibit B, which product is now in the possession of Native American Arts and will be produced for display upon request.

(c)    Artwork, consisting of a Native American Doll in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials make reference to "Native American", label as "Indian" and suggest the product is Native American or Indian 'made.  A picture of said product is attached hereto as Exhibit C, which product is now in the possession of Native American Arts and will be produced for display upon request.

(d)    Artwork, consisting of a Native American Tomahawk in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials make reference to "Native American" and "Indian", label as "Indian" and suggest the product is Native American or Indian made. A picture of said product is attached hereto as Exhibit D, which product is now in the possession of Native American Arts and will be produced for display upon request.

(e)    Artwork, consisting of a Native American Rock Painting in a. traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials make reference to "Native American" and "Indian", label as "Indian" and suggest the product is Native American or Indian made. A picture of said product is attached hereto as Exhibit E. which product is now in the possession Native American Arts and will be produced for display upon request.

(f)    Artwork, consisting of a Native American Canteen in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials make reference to "Native American" and "Indian", label as "Indian" and suggest the product is Native American or Indian made. A picture of said product is attached hereto as Exhibit F, which

product is new in the possession of Native American Arts and will be produced for display upon request.

(g)    Artwork, consisting of Native American Dreamcatcher in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials make reference to "Native American", label as "Indian" and suggest the product is Native American or Indian made. A picture of said product is attached hereto as Exhibit G, which product is now in the possession of Native American Arts and will be produced for display upon request.

(h)    Artwork, consisting of Native American Light in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials make reference to "Native American", labeled as "Indian" and suggest the product is Native American or Indian made. A picture of said product is attached hereto as Exhibit H, which product is now in the possession of Native American Arts said will be produced for display upon request.

(i)    Other traditional Indian style or design arts, crafts and artworks in a traditional Indian. style or medium.

**ANSWER:**    Defendant admits that it sold products similar to those pictured in Exhibits A through H attached to the Complaint.  Defendant denies each and every remaining allegation contained within paragraph 10 of Plaintiff's Complaint, including subparagraphs (a) through (i), and each of them.

11.    On March 24, 2007 and for substantial periods of time, possibly since January 25, 2005 and thereafter to the present date, Defendant offered, advertised, marketed and displayed for sale and sold goods via its website, www.blgiftsonline.com, in a. manner that falsely suggested they are an Indian product, Indian produced, or the product of an Indian arts and crafts organization resident within the United States, including Indian products consisting of artworks, crafts and jewelry in a traditional Indian style, motif or medium in response to customer requests for products including but not limited to "Indian" and "Native American".

**ANSWER:**    Defendant admits that on March 24, 2007, and since January 25, 2005, it offered goods for sale via its website, www.blgiftsonline.com. Defendant denies the remaining allegations contained within paragraph 11 of Plaintiff's Complaint.

12.    The products alleged herein are traditional 'Indian products embodying traditional Indian styles, motifs and design, traditionally made by Native Americans, and were falsely suggested to be Indian-made Indian products and these products were advertised, marketed, and

sold as such, including advertising and marketing these products with other Indian style products suggested lobo Indian products. or Indian, or Native American made.

**ANSWER:**    Defendant denies each and every allegation contained within paragraph 12 of Plaintiff's Complaint.

13.    Any unqualified use of the name "Native American", "Indian" or an Indian tribe suggests that the product is Indian made and an Indian product under the IACA.

**ANSWER:**    Defendant makes no answer to the allegations contained within paragraph 13 of Plaintiff's Complaint because they call for a legal conclusion.

14.    A non-Indian maker of products in an Indian style motif and design cannot utilize the terms "Indian," "Native American" or the name of a particular Indian tribe in advertising or marketing said products micas said maker qualifies the usage of such teams so that consumers are not suggested to be purchasing authentic Indian-made products. Native American Arts, Inc. v. The Waldron Corporation, 399 F.3d 871 (7th Cir. 2005).

**ANSWER:**    Defendant makes no answer to the allegations contained within paragraph 14 of Plaintiff's Complaint because they call for a legal conclusion.

15.    The products advertised, marketed, offered, displayed for sale and sold by Defendant are in a traditional Indian style, composed of Indian motifs and designs and many contained a Certificate of Authenticity.

**ANSWER:**    Defendant admits that some of the products sold by defendant contain a Certificate of Authenticity, but denies the remaining characterization of allegations as contained within paragraph 15 of Plaintiff's Complaint.

16.    The products displayed for sale by Defendant did use the unqualified terms "Indian" and "Native American".

**ANSWER:**    Defendant denies the allegations contained within paragraph 16 of Plaintiff's Complaint.

17.    The Internet website displays promoting Defendant's products are advertisements and constitute advertising activity. Such advertising contains the use of the unqualified terms "Native American" and "Indian".

**ANSWER:**    Defendant makes no answer to the allegations contained within paragraph 17 of Plaintiff's Complaint because they call for a legal conclusion.

18.    At various times relevant hereto, Defendant has been advertising, marketing, offering, displaying far sale and selling products with different advertisements and different products through different advertisements, advertising activities and mediums, in a manner that falsely suggested they are Indian-made, an Indian product, a product of an Indian tribe or the product of an Indian arts and crafts organization resident within the United. States.

**ANSWER:**    Defendant denies each and every allegation contained within paragraph 18 of Plaintiff's Complaint.

19.    For substantial periods of time since January 25, 2005 and continuously thereafter to the present date, Defendant advertised, marketed, offered and delayed for sale and sold goods in a manner that falsely suggested they are Indian-made; an Indian product, a product of an Indian tribe or the product of an Indian arts and crafts organization resident within the United States, including Indian products consisting of art, crafts. and artworks in a traditional Indian style or medium.

**ANSWER:**    Defendant denies each and every allegation contained within paragraph 19 of Plaintiff's Complaint.

20.    The Indian-style goods advertised, displayed, offered for sale and sold by Defendant since January 25, 2005, including those advertised, sold, displayed and offered for sale alleged herein, are not and were not Indian produced, an Indian product made by an Indian or the product of an Indian arts and crafts organization resident in the United States or an non-member Indian artisan certified by an Indian tribe, all as defined in 25 U.S.C. §305 et. seq. and the regulations thereunder.

**ANSWER:**    Defendant admits the allegations contained within paragraph 20 of Plaintiff's Complaint.

21.    Defendant's advertisement, display, offering for sale and sale of Indian style goods in a manner that falsely suggests they are Indian products, Indian produced or the product of a particular Indian or Indian tribe or Indian arts and crafts organization resident within the

United States is illegal and should be enjoined in that no adequate remedy al law exists and Plaintiff will be irrevocably injured and damages will be difficult to measure.

**ANSWER:**    Defendant denies each and every allegation contained within paragraph 21 of

Plaintiff's Complaint.

22.    Native American Arts has been injured and damaged as a result of Defendant's actions alleged herein. Native American Arts is a competitor of Defendant and has suffered competitive injuries as a result of Defendant's actions alleged herein, as well as other damages including (1) Native American Arts lost sales and sales. opportunities as a direct and indirect result of the Defendant's offer, display and sale of similar Indian-style products to those offered, displayed and sold by Native American Arts through similar mediums and markets, (2) Defendant's imitation products drove down prices of authentic Indian products, forcing Plaintiff to offer its authentic products at lower prices, (3) that Plaintiff has suffered a loss of goodwill and reputation. because of Defendant's counterfeit products and (4) that Defendant's had a gross profit on the products alleged herein. Native American Arts advertises, markets and sells authentic Indian-made products similar to those products advertised, offered, displayed and sold by Defendant falsely suggested to be Indian-made products, including but not limited to, arts, crafts, jewelry and artworks in a traditional Indian style or medium. Native American Arts displays, advertises, offers, markets and sells authentic Indian-made products through various mediums including, but not limited to newspaper, advertisements, radio, signs, catalogs, brochures, internet, mailed solicitations, miscellaneous and in-store retail displays.

**ANSWER:**    Defendant denies each and every allegation contained within paragraph 22 of

Plaintiff's Complaint.

23.    The injuries suffered by Native America Arts under the IACA include, but are not limited to, injury to reputation and good will arising out of Defendant's misappropriation of Native American Art. Inc.'s advertising ideas and style of doing business. Native American Arts' advertising idea and style of doing business is to emphasize and state that its products are authentic Indian products made by Native Americans. Native American Arts capitalizes upon the goodwill associated with Indian-made products as an advertising and marketing idea concerned with persuading consumers to buy its Indian products. This is Native American Arts' advertising idea, advertising theme, advertising concept, title. style and slogan. Defendant inappropriately used the advertising concept of authentic Indian products in advertising their goods as its advertising idea, style of doing business, advertising theme, concept, title, style and slogan by falsely suggesting their products were Indian made Indian products.

**ANSWER:**    Defendant denies each and every allegation contained within paragraph 23 of

Plaintiff's Complaint.

24.    The injuries suffered by Native American Arts under the IACA. include, but are not limited to, injury to reputation and good will arising our of Defendant's infringement of title by falsely suggesting and misrepresenting that its products were Indian made when they were not.

**ANSWER:**    Defendant denies each and every allegation contained within paragraph 24 of Plaintiff's Complaint.

25.    The injuries suffered by Native American Arts under the IACA include but, are not limited to, injury to reputation and good will arising out of Defendant's use of another's advertising idea by falsely suggesting and misrepresenting that its products were Indian made when they were not.

**ANSWER:**    Defendant denies each and every allegation contained within paragraph 25 of Plaintiff's Complaint.

26.    The injuries suffered by Native American Arts under the IACA include, but are not limited to, injury to reputation and good will arising out of Defendant's infringing upon Native American Arts' slogan by falsely suggesting and misrepresenting that its products were Indian made when they were not.

**ANSWER:**    Defendant denies each and every allegation contained within paragraph 26 of Plaintiff's Complaint.

27.    Liability for compensatory damages under the IACA is strict liability and not dependent upon intentional conduct as ruled in the case <u>Ho-Chunk et. Al., v. Village Originals, Inc.</u>, 25 F. Supp.2d 876 (N.D.Ill. 1998) and <u>Ho-Chunk v. Natures Gifts, Inc.</u>, 1999 U.S. Dist. Lexis 3687 (N.D. IL 1999).

**ANSWER:**    Defendant makes no answer to the allegations contained within paragraph 27 of Plaintiff's Complaint because they call for a legal conclusion.

28.    Title 25 U.S.C. §305e(a) provides for damages of the greater of treble damages or $1,000 for each day on which the offer or display for sale of a good falsely suggested to be Indian produced, an Indian product, or the product of an Indian, an Indian tribe, or an Indian arts and crafts organization continues.

**ANSWER:**    Defendant makes no answer to the allegations contained within paragraph 28 of Plaintiff's Complaint because they call for a legal conclusion.

29.    Native American Arts is an Indian arts and crafts organization entitled to the damages alleged herein.

**ANSWER:**    Defendant denies the allegations contained within paragraph 29 of Plaintiff's Complaint.

30.    The exact amount of damages is presently unknown, but is believed to exceed five million dollars ($5,000,000.00).

**ANSWER:**    Defendant denies each and every allegation contained within paragraph 30 of Plaintiff's Complaint.

31.    Title 25 U.S.C. §305e(a) also provides for injunctive and other equitable relief.

**ANSWER:**    Defendant makes no answer to the allegations contained within paragraph 31 of Plaintiff's Complaint because they call for a legal conclusion.

32.    Substantial amounts for attorney's fees and costs of suit have been or are being incurred for which reimbursement and payment is hereby sought.

**ANSWER:**    Defendant denies the allegations contained within paragraph 32 of Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, waiver, estoppel, and unclean hands.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to its failure to mitigate damages.

## THIRD AFFIRMATIVE DEFENSE

11

Plaintiff claims are barred due to its failure to prove injury in fact.

By: s/ Katharine N. Dunn
One of the Attorneys for Defendant,
BL Gifts Wholesale, LLC

Charles A. LeMoine ARDC No. 6194888
Sonia A. Desai ARDC No. 6255838
Katharine N. Dunn ARDC No. 6282789
Dykema Gossett PLLC
10 S. Wacker Drive, Suite 2300
Chicago, Illinois 60606
(312) 876-1700

## CERTIFICATE OF SERVICE

I, _____ herby certify that on **April 16, 2008**, I electronically filed the foregoing Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Michael Patrick Mullen
> Scott M. Kolosso
> MULLEN & FOSTER
> 203 N. Wabash
> Suite 2300
> Chicago, Illinois 60601

By:    s/Katharine N. Dunn
        Charles A. LeMoine (6194888)
        Sonia Desai (6255838)
        Katharine N. Dunn (6282789)
        Attorneys for Defendant BL Gifts Wholesale, LLC
        DYKEMA GOSSETT PLLC
        10 South Wacker Drive, Suite 2300
        Chicago, IL  60606
        Telephone: (312) 627-2134
        sdesai@dykema.com

CHICAGO\2440044.1
ID\SSTO1