**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NATIVE AMERICAN ARTS, INC.,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>BL GIFTS WHOLESALE, LLC,<br><br>　　　　Defendant. | Case No.　　08 C 0583<br>Judge:　　Blanche M. Manning<br>Magistrate Judge: Michael T. Mason |

**AGREED ORDER BETWEEN PLAINTIFF NATIVE AMERICAN ARTS, INC., AND DEFENDANT BL GIFTS WHOLESALE, LLC**

This cause coming on to be heard on Plaintiff Native American Arts, Inc.'s and Defendant BL Gifts Wholesale, LLC's request for dismissal with prejudice of claims by Native American Arts, Inc. against BL Gifts Wholesale, LLC without costs, and entry of this Agreed Order, due notice has been given and the Court being fully advised in the premises.

**THE COURT FINDS AND IT IS HEREBY ORDERED THAT:**

　　1.　　That Native American Arts, Inc. ("Native American Arts") and BL Gifts Wholesale, LLC ("BL Gifts") have agreed and stipulated to the entry of this Dismissal with prejudice and Agreed Order.

　　2.　　Native American Arts is a wholly Indian owned Indian arts and crafts organization involved in the distribution of authentic Indian arts and crafts with its headquarters in the Northern District of Illinois.

　　3.　　Native American Arts is composed of members of an Indian tribe and meets the definition of authentic Indian arts and crafts organization as defined in Title 25 U.S.C. 305(e).

4.     Native American Arts, Inc. filed this action in the United States District Court for the Northern District of Illinois, Eastern Division entitled <u>Native American Arts, Inc. v. BL Gifts Wholesale, LLC,</u> Case Number 08 C 0583, which alleged violations of the Indian Arts and Crafts Act, U.S.C.§ 305 et seq. (hereafter "Pending Litigation").

5.     BL Gifts sells and offers for sale various products.

6.     At issue in the Pending Litigation, the following products are subject to the terms of the Injunction set forth herein: all products attached to the Complaint as exhibits; all Indian, Indian-style or Indian-themed products in any subsequent BL Gifts advertising materials which are identified by Native American Arts through the written notice and cure provisions provided in paragraph 7 herein as potentially violating the IACA and the Injunction.

7.     Without admission of any fact, act, fault or liability whatsoever including, but not limited to, an express denial of all past fault or liability, BL Gifts agrees and consents to the entry of the Injunction against BL Gifts in favor of Native American Arts, subject to the notice provisions and use of the Safe Harbor language provided below, in the form and containing the terms and conditions set out therein that enjoins and restrains BL Gifts, BL Gifts' agents, servants, employees, directors, partners, present and former employees, agents, attorneys, assigns, successors and those persons in active concert or participation with them who receive actual notice of the Injunction by personal service or otherwise through perpetuity from violating in any way the Indian Arts and Crafts Act, 25 U.S.C.§ 305 et. seq. as of the time of execution of this Agreement, including but not limited to violation by offering or displaying for sale or selling goods, including but not limited to those goods set forth in paragraph 6 above, in a manner that falsely suggests the products are Indian produced, are Indian products, or the products of a particular Indian or Indian tribe or Indian arts and

crafts organization resident within the United States. If Native American Arts wishes to assert that BL Gifts has violated this Injunction in any way, it shall give BL Gifts written notice of any alleged specific violations with details within thirty (30) days of discovering said violation. If the alleged violation of the injunction pertains to BL Gifts internet website, BL Gifts shall have sixty (60) days from the receipt of the written notice of the alleged violation of the Injunction to cure said alleged violation. If the alleged violation of the Injunction pertains to BL Gifts catalogs or any advertising materials inserted into the packaging of a product at issue, BL Gifts shall have either seven (7) months or until a subsequent catalog or related advertising material is printed to cure said alleged violation, whichever occurs first. In the event Native American Arts considers the alleged violation not to have been remedied within the specified time periods following BL Gifts receipt of written notice, Native American Arts may attempt enforcement of this Injunction and petition the Court for such relief as the Court deems necessary. In no event shall the cure by BL Gifts of any alleged violation within the designated cure periods be considered an admission by BL Gifts of a violation by BL Gifts of this Agreement or of any law, statute, rule or regulation and in no event shall the cure by BL Gifts of any alleged violation within the designated cure period be admissible as evidence in any future litigation between Native American Arts and BL Gifts.

8. Plaintiff and BL Gifts agree that the reasonable display on BL Gifts' website, catalogs, order materials, or advertising or marketing materials of the following Safe Harbor language: "This product is not Indian made or an Indian product under U.S.C. § 305 et. seq." or "Not Indian produced, or the product of a particular Indian or Indian tribe or Indian arts and crafts organization" or "No products in this catalog/website are made by Native Americans, an individual Indian or Indian tribe" shall fully satisfy the requirements of the Injunction and of the provisions of

this paragraph and shall be deemed full and complete compliance with the Act and any rule, regulation or case respecting the Act. This Injunction will be effective sixty (60) days from entry of the Court order implementing the Injunction (the "Injunction Effective Date"). Notwithstanding the foregoing, the Injunction is not applicable to any product, catalog, invoice, package insert, marketing or advertising materials that have already been printed, manufactured or shipped from the premises of BL Gifts prior to the Injunction Effective Date.

9. Pursuant to the terms of the preceding paragraph, Native American Arts and BL Gifts agree that the following are appropriate methods of curing an alleged violation of the Injunction: (1) BL Gifts will cease selling any product and using corresponding advertising material for said product for any product identified as violative by Native American Arts; (2) BL Gifts will use a disclaimer as set forth in paragraph 8 above on any advertising material identified as violative by Native American Arts; (3) BL Gifts will remove any advertising language identified as violative by Native American Arts; or (4) Any other method of cure that is mutually agreeable to Native American Arts and BL Gifts.

10. From the Injunction Effective Date, BL Gifts will have 60 days to comply with the Injunction contained herein or such additional time as permitted by the Settlement Agreement.

11. The Settlement Agreement between the parties was reached in good faith and without collusion.

12. Native American Arts and BL Gifts acknowledge that the execution of the Settlement Agreement and entry of the Agreed Order are being made solely for the purposes of compromise, settlement, and expeditious resolution of their disputes and shall not constitute an admission of any fact, act, fault or liability in any way by either party in connection with the claims set forth in the

Pending Litigation between the parties or other real or potential controversy, claim or lawsuit that could have been brought by either of them and any and all such purported admissions are hereby expressly denied by BL Gifts and its employees, agents, officers, affiliates and successors.

13. Native American Arts and BL Gifts have entered into a Settlement Agreement, the terms of which shall be treated as confidential and not disclosed, which resolved all issues and disputes between the settling parties, provides for this order of dismissal, with prejudice, of all claims by Native American Arts against BL Gifts, and its employees, agents, officers and successors in the Pending Litigation and provides for each party to bear its own costs, including attorneys fees, pursuant to terms of the Settlement Agreement.

14. The Court finds that there is no just reason for delaying either enforcement or appeal of this Order.

15. The parties agree that no bond is necessary or required for the issuance of the Injunction stipulated above and no bond is ordered herein.

16. The parties agree that the Court has jurisdiction to enter this Agreed Order and to approve the Settlement Agreement reached by the parties, and the Court shall retain jurisdiction to enforce this Agreed Order and Settlement Agreement.

THIS AGREED ORDER IS HEREBY ENTERED

_____
JUDGE BLANCHE M. MANNING
UNITED STATES DISTRICT COURT

DATED: July 2, 2008

NATIVE AMERICAN ARTS, INC.

By: _____
       One of Its Attorneys

Michael Patrick Mullen
Mullen & Foster
203 N. Wabash Ave., Suite 2300
Chicago, Illinois 60601

BL GIFTS WHOLESALE, LLC

By: _____
       One of Its Attorneys

Charles A. LeMoine
Katharine N. Dunn
Dykema Gossett, PLLC
10 South Wacker Drive, Suite 2300
Chicago, Illinois 60602